## ELIAS BITTNER v. JOS. HARTMAN ET AL.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Argued February 4, 1891—Affirmed at Bar.

(*a*) Certain persons, doing business as partners, made an assignment of their estates, partnership and individual, for the benefit of creditors. Without converting all the trust property into cash, the assignee paid the debts of the assignors, and settled an account as assignee, duly confirmed, showing a balance in his favor:

1. In an action by the assignee to recover said balance from the assignors, it being made to appear that certain of the latter had paid to the assignee the amount of said balance before suit was brought, and that the suit was for the real benefit of the assignors so paying, it was not error to enter a judgment of nonsuit.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 154 July Term 1890, Sup. Ct.; court below, No. 35 September Term 1889, C. P.

On July 25, 1889, Elias Bittner brought assumpsit against "Joseph Hartman, Chas. B. Maberry, Jos. Rauch and Peter Bittner, who survive Daniel Bittner and Jonas Werley, now deceased, late partners trading as D. Bittner & Co." An affidavit of defence was filed by Joseph Hartman and Chas. B. Maberry, who also pleaded non-assumpsit, set-off, payment, and non-assumpsit infra sex annos.

A rule for judgment for want of a sufficient affidavit of defence having been discharged on December 19, 1889, opinion* by ALBRIGHT, P. J., the cause was called for trial on May 7, 1890, when it was shown, on the part of the plaintiff, that on Sep-

---

* This opinion was as follows:

Plaintiff's statement contains the allegations that the four defendants, together with Daniel Bittner and Jonas Werley, who are now deceased, composed the firm of D. Bittner & Co.; that on September 3, 1877, all the members of said firm assigned all the property of said firm to the plaintiff, in trust for the benefit of the creditors of said partnership; that the plaintiff accepted the trust, converted the assigned property into

tember 3, 1887, Daniel Bittner, Peter Bittner, Jos. Hartman, Joseph Rauch and Jonas Werley, partners trading under the firm

---

money and paid all the debts of the firm; that he paid said debts at the special instance and request of the said partners, including the defendants; that on September 2, 1879, the plaintiff filed his final account as assignee, which was confirmed absolutely by the court on October 17, 1879, showing that the amount received by him was $10,082.82, the amount paid out $14,838.46, and the balance due him $4,755.64; that said balance with interest from the date of confirmation is due and unpaid; that the defendants have been requested often to pay, and that the suit is brought to recover the sum thus owing.

Joseph Hartman and Charles B. Maberry, two of the defendants, filed affidavits of defence, wherein it is set forth that all the members of said firm assigned their individual property as well as that of the firm to the plaintiff, all the assignments having been at the same time: that the individual property of Daniel Bittner, amounting to $1,194.94, was taken and applied to the partnership indebtedness; that in 1880 the assignee was paid in full the entire indebtedness claimed in his statement, and that thereupon he re-conveyed to Peter Bittner all his real estate; that affiants believe that Peter Bittner and Joseph Rauch paid the indebtedness claimed by plaintiff, and that they are the real plaintiffs; that this suit is brought at the instance and for the benefit of said Peter Bittner and Joseph Rauch, and that affiants are not indebted to them, the said Peter Bittner and Joseph Rauch. They deny that, by the terms of the assignment, the plaintiff was authorized to pay the debts of the firm, except out of the property assigned, and allege that if the plaintiff paid any of his own money he did so without any authority from deponents, and that they did not request or authorize him to pay the debts in full; they deny that by the account referred to there is due the plaintiff a balance of $4,755.84, or any sum by the assignors. Deponents further say that the claim of the plaintiff, if it existed, is barred by the statute of limitations, they claiming the benefit of said statute.

The two defendants interposing affidavits denying that they authorized payment of the debts beyond the amount of the assigned estate, and the affidavits establishing in substance that the payments beyond the assets were at the request of the other assignors, and that Peter Bittner and Rauch repaid to the assignee what he had expended of his own funds, the question presented is whether said Peter Bittner and Rauch can recover in this action against their two surviving copartners the amount they thus paid for the firm's benefit.

The statement of the question suggests the answer which must be given. When Peter Bittner and Rauch thus paid, they were entitled to be re-paid by their copartners, provided it appeared upon a settlement of the partnership affairs that they were equitably entitled to so much. In other words, to constitute one or two of the partners a creditor or creditors of the firm, or of any of the members thereof, because of a payment on the

Statement of Facts.

name of D. Bittner & Co., made an assignment of their estates
for the benefit of creditors to Elias Bittner, the plaintiff; that the
plaintiff, as such assignee, took charge of the estates assigned
and filed an inventory and appraisement thereof, but before the
assets were all converted into cash, as was alleged, the plaintiff,
at the request of the assignors or some of them, paid all the
debts which were lawful claims against the trust-estates in his
hands ; that on September 2, 1879, the plaintiff filed his ac-
count, as assignee, showing a balance in his favor of $4,755.64 ;
that this account was confirmed nisi on September 23d, and ab-
solutely on October 17th, no exceptions thereto being filed. It
was also made to appear, on the cross-examination of the plaint-
iff, admitted under objection and exception to the plaintiff,[4]
that some time after the confirmation of the account, and be-
fore the suit was brought to recover said balance from the as
signors, Peter Bittner and Joseph Rauch, two of the assignors,
had paid said balance to the plaintiff out of their individual
assets, and thereupon the assignee re-conveyed to them cer-
tain property which had been conveyed to him by the assign-
ment; and that, as claimed by the defendants, the suit had
been instituted and was carried on for the benefit of the as-
signors by whom said balance had been paid.

At the close of the testimony, the court, ALBRIGHT, P. J.,
on motion, entered a judgment of nonsuit, saying:

For reasons stated by the court, in an opinion filed in this
case upon the rule for judgment, a compulsory nonsuit must

firm's account, a settlement of the partnership accounts is necessary. It
must be ascertained how much each contributed and drew out. Upon no
theory can a partner recover a judgment, in an action of assumpsit against
his copartners for a firm debt paid by him, directly or indirectly through
another.

Besides the obstacle to a recovery in this action already stated, it is
manifest that the account is effective only so far as it is a settlement of
the trust; that trust was to account for what the assignment carried to the
assignee, to distribute to the creditors the trust fund according to their
rights, and if all was not required to pay the debts, to return the excess
to the assignors. If the assignee paid more than he had in hand, such
payment was on the footing of a contract, and not as an obligation im-
posed by the trust. The account confirmed cannot be taken to be an ad-
judication as to that.

December 19, 1889, the rule for judgment is discharged.

be entered in this case. One of the allegations in the affidavit of defence, which was considered in that opinion, was that the balance decreed to be due the assignee, plaintiff, had been paid by two of the assignors, Peter Bittner and Joseph Rauch, and that the present action was brought for their benefit, and in order to enable them to recover against their fellow-debtors and assignors. The testimony in this case establishes that fact. The plaintiff has so testified, and so also did Peter Bittner and Joseph Rauch.

This is, in substance, an action by two of five or more joint debtors to compel their fellows to contribute to them for a judgment paid by them for the benefit of all the defendants, the defendants having been partners and the debt having been a partnership debt, which the court is of the opinion cannot be done. The nonsuit is therefore directed to be entered.

—A rule to show cause why the judgment should not be lifted having been argued, the motion was overruled; exception.[1] Thereupon, the plaintiff took this appeal, assigning for error:

1. The refusal to take off the judgment of nonsuit.[1]
4. The admission of defendants' offer.[4]

*Mr. John Rupp* (with him *Mr. E. G. Schwartz*), for the appellant.

Counsel cited, as to the weight to be given to plaintiff's evidence: Jones v. Bland, 116 Pa. 190; Miller v. Bealer, 100 Pa. 583; McGrann v. Railroad Co., 111 Pa. 171. As to the effect of the final confirmation of plaintiff's account as assignee: McFadden v. Geddis, 17 S. & R. 336; Clark v. Callaghan, 2 W. 259; Thompson v. McGaw, 2 W. 161; McLenachan v. Commonwealth, 1 R. 357; Rhoads's App., 39 Pa. 186; Shollenberger's App., 21 Pa. 337; Commonwealth v. Rhoads, 37 Pa. 60, Vincent v. Watson, 40 Pa. 306; Moore's App., 10 Pa. 435; Little v. Commonwealth, 48 Pa. 337; McLellan's App., 76 Pa. 231; Commonwealth v. Trout, 76 Pa. 379; Seibert's App., 19 Pa. 49. As to the effect of the statute of limitations: Richards v. Bickley, 13 S. & R. 395; Rank v. Hill, 2 W. & S. 56; Green St. Ry. Co. v. Moore, 64 Pa. 79; Commonwealth v. Moltz, 10 Pa. 527; Burd v. McGregor, 2 Gr. 353; De Haven v. Bartholomew, 57 Pa. 126; Davis v. Shoemaker, 1 R. 135;

Vincent v. Watson, 40 Pa. 306. That the plaintiff could recover, though two of the defendants had paid the balance shown by his account: Commonwealth v. Lightner, 9 W. & S. 117; Montgomery v. Cook, 6 W. 238; Memphis etc. R. Co. v. Wilcox, 48 Pa. 161; McKelvy's App., 72 Pa. 409; Ackerman's App., 106 Pa. 1; Gearhart v. Jordan, 11 Pa. 325; Duffield v. Cooper, 87 Pa. 443.

*Mr. C. J. Erdman, Mr. R. E. Wriyht, Mr. J. Marshall Wright,* and *Mr. T. E. Diefenderfer,* for the appellees, were not heard.

In the brief filed, counsel cited: (1) Light's Est., 136 Pa. 211. (2) Leidy v. Messinger, 71 Pa. 177.

PER CURIAM:

—On the argument at Bar,

Judgment affirmed.

---

## R. L. HAYES v. COATESVILLE OPERA-HOUSE CO.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 9, 1891—Affirmed at Bar.

The owner of a building, not in Philadelphia or Allegheny county, a part of which is fitted up with stage, etc., and occasionally let out for the holding of public meetings, local entertainments, and to traveling theatrical and operatic companies, at a variable rent or price for the use thereof, is not liable to the payment of the $50 license fee imposed by the act of April 16, 1845, P. L. 532, and its supplements.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 357 January Term 1890, Sup. Ct.; court below, No. 48½ October Term 1889, C. P.

On September 24, 1889, in an amicable action wherein Robert L. Hayes, treasurer of Chester county, for use of the Commonwealth, was plaintiff, and the Coatesville Opera-House